IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Duane Robert Keezer and Sharon Keezer, | Case No.: __2:21-cv-1985-MBS__ |
| Plaintiffs, | |
| vs. | |
| The United States of America, | **COMPLAINT** |
| Defendant. | |

Plaintiffs, by and through their undersigned counsel, complaining of Defendant, hereby allege as follows:

## PARTIES

1.    Plaintiffs, Duane Robert Keezer (hereinafter "Mr. Keezer") and his wife Sharon Keezer (hereinafter "Mrs. Keezer"), bring this action against the United States of America (hereinafter "Defendant United States") pursuant to the Federal Tort Claims Act for injuries and damages Mr. Keezer sustained as a result of negligent medical care rendered to him by Defendant United States, it's agents and/or employees at the Charleston Veteran Affairs Medical Center in March 2017.  Mrs. Keezer has a cause of action against Defendant United States for loss of consortium arising out of her husband's injuries and damages.

2.    At all times relevant to this Complaint, Plaintiffs were citizens and residents of Horry County, South Carolina.  Mr. Keezer is a veteran of the United States military and as such, was entitled to health care through the Veterans Administration.

3.    An Affidavit from a qualified medical expert regarding the treatment provided by

Defendant United States and its employees or agents is being contemporaneously filed with this Complaint (Attached hereto as Exhibit 1).

4.     The Affidavit sets forth certain breaches of the standard of care by Defendant United States and its agents and employees.  Neither the Affidavit, nor the allegations contained herein, offer an all inclusive list of negligence which will be attributed to Defendant United States or its agents and/or employees.  Additionally, the type(s) and or description(s) of damages described herein, are not an all-inclusive list of damages suffered by Plaintiffs.

5.     This action is brought against Defendant United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq*. and 28 U.S.C. § 1346(b)(1), for money damages as compensation for injuries Plaintiffs sustained as a result of negligent medical treatment provided by the Defendant United States, by its employees, agents and servants at the Ralph H. Johnson Veterans Administration Medical Center ("VAMC Charleston"), located in Charleston, South Carolina.

6.     Upon information and belief, Defendant United States provides attending physicians, nurses, and other staff who work at the VAMC Charleston, who are its agents, servants, and employees, and all acts or omissions complained of herein performed by said agents, servants, and employees occurred during the course and scope of such agency and/or employment and is imputed to Defendant United States.

7.     Defendant United States' negligent acts, omissions, and liability include its agents, principals, employees and/or servants, both directly and vicariously, pursuant to principals of non-delegable duty, corporate liability, apparent authority, agency, ostensible agency and/or *respondent superior*.

## JURISDICTION AND VENUE

8.      Jurisdiction for this action in The United States District Court arises under 28 U.S.C § 1346(b) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a), which provides that a tort claim which is administratively denied or not given administrative disposition within 6 months of the filing of the claim may be presented to a Federal District Court for judicial consideration.

9.      Venue is based upon 28 U.S.C. 1402(b) in that the acts or omissions complained of occurred within this judicial district.

10.     Prior to the commencement of this action, Plaintiffs Duane Robert Keezer and Sharon Keezer presented Administrative Tort Claims for Damage, Injury or Death (Standard Form 95) to The United States of America, Department of Veterans Affairs, Office of General Counsel, 3322 End Avenue, Suite 509, Nashville, TN 37203.

11.     More than six months have elapsed since the filing of the aforesaid claims, and the claims have not been administratively resolved by the Department of Veterans Affairs.

12.     Plaintiffs Duane Robert Keezer and Sharon Keezer are citizens and residents of the State of South Carolina, Horry County, within this District.

## FIRST CAUSE OF ACTION
## FOR MEDICAL MALPRACTICE

13.     Upon information and belief, Defendant United States at all times mentioned herein owned, operated, maintained, staffed and controlled a medical facility known as the Ralph H. Johnson Veterans Administration Medical Center (hereinafter "VAMC Charleston"), located in Charleston, South Carolina, within this judicial district.

14.     Upon information and belief, the physicians, surgeons, nurses, attendants, anesthesiologists, nurse anesthetists, assistants, consultants, staff members, and other medical

care providers at the VAMC Charleston were the ostensible agents, actual agents and/or employees of the Defendant United States, and in doing the things hereinafter mentioned, were acting within the scope of their authority as such agents and employees with the consent of Defendant United States.

15.    That Plaintiff Duane Robert Keezer came under the care of VAMC Charleston and the aforementioned physicians, surgeons, nurses, attendants, assistants, consultants and other health care providers at the VAMC, for the purpose of receiving medical care and treatment for various medical conditions and physical complaints, including those of a neurologic nature.

16.    On or about March 2, 2017, Mr. Keezer presented to the Charleston VAMC with complaint of back pain radiating to the left groin.  Medical providers at the VAMC prescribed Toradol and Flexeril and discharged Mr. Keezer home.

17.    On or about March 12, 2017, Mr. Keezer sought treatment for continued radiating lower back at the Waccamaw Community Hospital Emergency Department (hereinafter, "Waccamaw").

18.    Medical providers at Waccamaw documented multiple abnormalities including, an elevated white blood cell count, inflammatory markers, imaging abnormalities, and complaints from Mr. Keezer that were "different from baseline."

19.    Mr. Keezer's neurological exam revealed that he was able to ambulate, his sensory function was intact, and his motor function was grossly intact.

20.    As part of Mr. Keezer's treatment, Waccamaw medical providers obtained blood cultures which were consistent with infection.

21.    Shortly afterwards, Waccamaw contacted the Charleston VAMC about accepting Mr. Keezer as a transfer.

22.     Acting as an agent for Defendant United States, Dr. Alsfeld accepted Mr. Keezer as a patient transfer from Waccamaw.

23.     Mr. Keezer arrived at and was admitted to the VAMC Charleston on May 12, 2017.

24.     The VAMC Charleston undertook the transfer from Waccamaw with knowledge that Waccamaw's evaluation of Mr. Keezer was strongly suggestive of a central nervous system infection, and physicians from Waccamaw included spinal epidural abscess or "SEA" as a differential diagnosis of the Plaintiff at the time of transfer to the V.A.

25.     An epidural abscess is a serious infection of the central nervous system that involves a collection of infectious material within the epidural space of the central nervous system.

26.     The central nervous system includes the brain and spinal cord.

27.     Abscesses in the central nervous system can expand and compress the brain or spinal cord and cause severe symptoms, permanent complications, or even death.

28.     Prompt diagnosis and proper treatment is essential to treatment of an epidural abscess and can prevent complications and decrease morbidity.

29.     The diagnosis of SEAs are often accomplished through the use of computed tomography ("CT") and especially magnetic resonance imaging ("MRI").

30.     The Charleston VAMC knew Mr. Keezer was being transferred to its facility with a differential diagnosis including infection and SEA, it knew that he had signs of SEA, and knew he reported to Waccamaw Hospital with radiating lower-back pain.

31.     At the time of his admission to the VAMC, Mr. Keezer complained of night sweats, chills, and worsening numbness/tingling in his legs.

32.     During the transfer process, Mr. Keezer's condition had deteriorated, resulting in weakness in the legs that was not present while at the Waccamaw Emergency Department.

33.     VAMC medical providers withheld antibiotics upon Mr. Keezer's admission.

34.     VAMC medical providers failed to order an immediate CT, MRI, neurology consult and/or orthopedic consult upon admission.

35.     On March 13, 2017, at 4:14 am, Dr. Courtney Brady spoke with the emergency department doctor at Waccamaw and found that both (2 of 2) blood cultures drawn from Mr. Keezer at Waccamaw were positive from gram-positive cocci in clusters.

36.     Dr. Brady opined that given the elevated ESR/CRP levels and evidence of bacteremia, it was possible Mr. Keezer was suffering from osteomyelitis.

37.     Despite knowledge by multiple physicians at the Charleston VAMC that Mr. Keezer exhibited worsening lower back pain, signs and symptoms consistent with SEA, and positive blood cultures suggestive of bacteremia, an emergent imaging or consult with orthopedics or neurosurgery was not ordered.

38.     The Defendant, through its agents and employees, undertook and agreed to care for and treat the Plaintiff, thereby creating a duty of care to Plaintiff Duane Robert Keezer. Among the conditions for which Plaintiff presented himself to the VAMC were complaints relating to a spinal epidural abscess.

39.     Defendant, its ostensible agents, servants, physicians, staff members, employees and/or independent contractors were careless and negligent in the care and treatment of Plaintiff, Duane Robert Keezer, in that they failed to timely diagnose the etiology of his illness and complaint; failed to order an immediate or emergency CT of the spine; failed to order an immediate or emergency MRI of the spine; failed to order an immediate or emergency orthopedic

consult; failed to order an immediate or emergency neurosurgical consult; failed to order and/or perform an emergent or immediate radiology review; failed to take reasonable steps to identify and treat his acute condition; failed to timely identify the existence of a spinal epidural abscess; failed to perform a differential diagnosis; delayed necessary diagnostic care; delayed necessary treatment; failed to relieve pressure on the spinal cord; failed to identify and treat an ongoing infection of the spine; and were otherwise negligent in his care and treatment.

40.    As a proximate result of the aforesaid negligence and medical malpractice, Plaintiff Robert Keezer suffered a worsening spinal epidural abscess, irreversible neurological decompensation, saddle anesthesia, bilateral lower extremity weakness and permanent damage to his spinal cord and nerves of the spine.

41.    As a result of the plaintiff's worsening condition and neurologic decompensation, plaintiff suffered a fall on March 13, 2017 at approximately 8:25pm, while in the custody and care of the defendant.

42.    That the plaintiff's spinal epidural abscess and fall resulted in an acute spinal cord injury and paralysis.

43.    That as a result of the foregoing, the plaintiff underwent emergent T12-L2 surgical decompression and evacuation of his spinal epidural abscess and/or hematoma.

44.    That as a result of the foregoing negligence and delay in diagnosis and treatment by the Defendant United States, the plaintiff has been rendered permanently impaired with permanent loss of neurologic function; Plaintiff has experienced and will continue to experience pain and suffering and suffers a loss of enjoyment of life as a result of his injuries; Plaintiff's life expectancy has been reduced; Plaintiff has suffered a loss of consortium with his wife; and Plaintiff has suffered other special and consequential damages including economic loss.

## SECOND CAUSE OF ACTION

45.     Plaintiffs repeat the prior paragraphs of this Complaint as if fully set forth herein.

46.     Defendant and its physicians, practitioners, nurses, agents, radiology staff and/or employees undertook the duty to render routine, ministerial and/or non-medical care to Mr. Keezer in accordance with the prevailing duties in the national community.

47.     "The statutory definition of medical malpractice does not impact medical providers' ordinary obligation to reasonably care for patients with respect to nonmedical, administrative, ministerial, or routine care."  Dawkins v. Union Hosp. DIst., 408 S.C. 171, 178, 758 S.E.2d 501, 504 (2014).  "Thus, medical providers are still subject to claims sounding in ordinary negligence." Id.

49.     Defendant United States and its agents and/or employees departed from prevailing non-medical, routine and/or ministerial duties and were thereby negligent, grossly negligent, reckless, and acted in violation of the duties owed to Mr. Keezer in that they committed one or more of the following acts of omission or commission, including in failing to communicate findings to specific medical personnel; in failing to follow non-medical policies and procedures; in failing to notify changes of condition for the worse to appropriate physicians; in failing to follow mandated falls policy; in failing to follow certain types of procedures pursuant to a mandated stat or immediate timing policy; in acting or failing to act in a way that would be appropriate to a member of the public; in failing to render proper routine care; in failing to render proper ministerial care; in failing to render proper administrative care; in failing to render proper non-medical care; in failing to staff its facilities appropriately; in failing to train its employees, nurses, physicians, and/or agents in an appropriate manner; and in otherwise being negligent in the circumstances which may be ascertained in the course of discovery.

50. As a direct and proximate result of the negligence, gross negligence, recklessness, and departures from the duties of routine, ministerial, and/or nonmedical care and treatment of Mr. Keezer by Defendant United States' employee health care providers, Mr. Keezer suffered personal injuries, conscious pain and suffering, medical expenses, mental anguish, loss of enjoyment of life and other special and consequential damages including economic loss.

**THIRD CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF SHARON KEEZER**

51. Plaintiffs repeat the prior paragraphs of this Complaint as if fully set forth herein.

52. That at all times hereinafter mentioned, Plaintiff Sharon Keezer was and still is the lawful wife of Plaintiff Duane Robert Keezer and as such cohabited together with him and she was entitled to the services, society, enjoyment, companionship, comfort, support and consortium of her spouse.

53. That solely by reason of the negligence, carelessness and malpractice of the Defendants, Plaintiff Sharon Keezer has been deprived of the services, society, enjoyment, companionship, comfort, support and consortium of her husband and such loss is continuing into the future, and she has been compelled to incur hospital and medical expenses on her husband's behalf and such expenses are continuing into the future, all to her damage.

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant for actual damages, special damages, and consequential damages in an amount to be determined by a judge at trial, for the costs and disbursements of this action, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**LAW OFFICE OF KENNETH E. BERGER, LLC**

s/ Bradley L. Lanford
Bradley L. Lanford |blanford@bergerlawsc.com
(Federal ID # 9371)
5205 Forest Drive
Columbia, SC 29206
Phone: (803) 790-2800

Kenneth E. Berger |kberger@bergerlawsc.com
(Federal ID # 11083)
5205 Forest Drive
Columbia, SC 29206
Phone: (803) 790-2800

Attorneys for the Plaintiffs

July 2, 2021
Columbia, South Carolina